GEORGE E. WEBSTER *et al.*, Executors, *vs.* JOHN L.
WIGGIN *et als.*

A legatee required by the terms of the will to notify the executors of his ac-
ceptance of the legacy, and its conditions, within six months after receiving
notice of such legacy and conditions, and who complies with the requirement,
although the notice from the executors to him was delayed more than one year
from the testator's death, is entitled to interest on his legacy from the expira-
tion of said year.

Previous decisions in this case are reported at pp. 73, 466.
The present hearing was on the application of Dartmouth
College for allowance of interest on its legacy.

*December* 1, 1896.　MATTESON, C. J.　The question before
us is from what time interest is to be allowed on the legacy
given to Dartmouth College.

The executors, though conceding the general rule to be
that interest is to be allowed on legacies after the lapse of a
year from the testator's death, contend that in the present
case the time from which interest begins to run is fixed by
the acceptance of the legacy in accordance with the provis-
ion on page 9 of the printed copy of the will, which makes it
the duty of the executors to notify the legatees of the nature,
amount and conditions of their legacies, and provides that if
either of the legatees shall decline to accept the legacy, or to
notify the executors of his acceptance of the legacy, with its
accompanying conditions, for the space of six months after
having received notice from the executors, then the amount
of such legacy shall be used for and applied to the payment
of other legacies, or shall revert to the estate.　The executors
contend that interest should be allowed only from the time
of the acceptance of the legacy.

Dartmouth College was not notified by the executors of
the legacy to it till after the lapse of more than one year
from the testator's death.　It accepted the legacy, with its
accompanying conditions, within the six months limited in
the will after it was notified of the legacy.

In *Tilton* v. *The American Bible Society*, 60 N. H. 377, it
was held that when a legatee does not demand his legacy

because he has no knowledge of it, it is the duty of the executor, being aware of the reason, to give him information of the bequest. In that case it was doubtful to which of two societies the legacy belonged, and it was held to be the duty of the executors in such a case to institute a legal proceeding without delay to obtain a judicial decision of the question; and it was further held that, though the legacy was not demanded in consequence of the executors' non-performance of the duties mentioned, the legatee was nevertheless entitled to interest after the end of one year from the testator's death.

Inasmuch as the will makes it the duty of the executors to notify the legatees of the nature, amount and conditions of their legacies, and the failure of Dartmouth College to signify its acceptance of the legacy prior to the expiration of one year after the testator's death was due to the neglect of the executors to notify them, and not to any neglect of the legatee, we think that the case is within the decision in *Tilton* v. *The American Bible Society, supra*, and that the legatee is entitled to interest from the expiration of one year after the testator's death. And see *Esmond* v. *Brown*, 18 R. I. 48.

*Ezra K. Parker*, for Dartmouth College.
*Cyrus M. Van Slyck*, for Executors.